Gainford T. Lally and Alice Lally v. Commissioner.
Lally v. Commissioner
Docket No. 69982.
United States Tax Court
T.C. Memo 1958-188; 1958 Tax Ct. Memo LEXIS 36; 17 T.C.M. (CCH) 943; T.C.M. (RIA) 58188; October 29, 1958
*36 Held, that the petitioner, Gainford T. Lally, contributed during the taxable year 1955 more than one-half of the actual cost of the support of his two minor children, and that he is therefore entitled to two dependency exemptions under sections 151 and 152 of the 1954 Code. Gainford T. Lally, 1248 143rd Avenue, San Leandro, Calif., pro se. N. F. Richardson, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined a deficiency in income tax for the year 1955 in the amount of $257.03. The question is whether the petitioner, Gainford T. Lally, furnished *37 more than one-half of the support of each one of his two minor children during the taxable year so as to be entitled, under the provisions of sections 151 and 152 of the 1954 Code, to two exemptions for dependents in the total amount of $1,200. Findings of Fact The petitioners reside in San Leandro, California. They filed a joint return for the taxable year 1955 with the director of internal revenue for the first district of California. Since the issue to be decided relates only to Gainford T. Lally, he is referred to hereinafter as the petitioner. The petitioner and his former wife (now Hazel Carlson) are the parents of two children, Gainford Lally, Jr., and Sharon Lally. Petitioner and Hazel were divorced in California under a decree which became final in 1953. Under the divorce decree, Hazel was awarded the custody of both children, and the petitioner was directed to pay $35 per month for the support of each child. During 1955, both children were minors, and they lived in their mother's home. Hazel remarried prior to 1955. During 1955, petitioner paid to Hazel the total sum of $70 each month for the support of the two children, all of which was used for such support and *38 maintenance. Petitioner expended additional amounts for clothing for the children during 1955 at the Christmas Season and when the children visited the petitioner, from time to time. The total amount contributed by the petitioner constituted more than one-half of the actual cost of the support and maintenance of each child during 1955. In their income tax return for 1955 Hazel Carlson and her present husband, Otto D. Carlson, did not claim dependency credits for Gainford Lally, Jr., and Sharon Lally, and they do not now claim that they are entitled to two dependency credits for the children for the taxable year 1955. Opinion Upon the evidence, it is held that during 1955 the petitioner contributed more than one-half of the actual cost of the support and maintenance of both of his children, Gainford and Sharon, and that he is entitled, under sections 151 and 152 of the 1954 Code, to two dependency exemptions in the total amount of $1,200. Decision will be entered for the petitioners.